UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

STRIKE 3 HOLDINGS, LLC,

                          Plaintiff,

vs.

JOHN DOE infringer identified as using IP address:
108.54.177.186,

                          Defendant.
------------------------------------------------------------------X

Case No. 2:20-cv-03651-SJF-SIL

VERIFIED ANSWER

       Now comes Defendant, John Doe, by and through his attorney Sal A. Spano, Esq. with Edelman Krasin, & Jaye PLLC, who responds to the Amended Complaint as follows:

### Answer

1. Admits the matter is brought under the Copyright Act, but denies any infringement.

2. Defendant is without sufficient knowledge or information to admit or deny the allegation.

3. Defendant is without sufficient knowledge or information to admit or deny the allegation.

4. Deny.

5. Deny.

6. Defendant is without sufficient knowledge or information to admit or deny the allegation.

7. Admits the matter is brought under the Copyright Act, but denies any infringement.

8. Deny.

9. Deny.

10. Deny.

11. Defendant is without sufficient knowledge or information to admit or deny the allegation.

12. Admit.

13. Defendant is without sufficient knowledge or information to admit or deny the allegation.

14. Defendant is without sufficient knowledge or information to admit or deny the allegation.

15. Defendant is without sufficient knowledge or information to admit or deny the allegation.

16. Defendant is without sufficient knowledge or information to admit or deny the allegation.

17. Defendant is without sufficient knowledge or information to admit or deny the allegation.

18. Defendant is without sufficient knowledge or information to admit or deny the allegation.

19. Defendant is without sufficient knowledge or information to admit or deny the allegation.

20. Defendant is without sufficient knowledge or information to admit or deny the allegation.

21. Defendant is without sufficient knowledge or information to admit or deny the allegation.

22. Defendant is without sufficient knowledge or information to admit or deny the allegation.

23. Defendant is without sufficient knowledge or information to admit or deny the allegation.

24. Defendant is without sufficient knowledge or information to admit or deny the allegation.

25. Defendant is without sufficient knowledge or information to admit or deny the allegation.

26. Defendant is without sufficient knowledge or information to admit or deny the allegation.

27. Defendant is without sufficient knowledge or information to admit or deny the allegation.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Defendant is without sufficient knowledge or information to admit or deny the allegation.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Defendant is without sufficient knowledge or information to admit or deny the allegation.

46. Defendant is without sufficient knowledge or information to admit or deny the allegation.

47. Deny.

48. Defendant is without sufficient knowledge or information to admit or deny the allegation.

49. Deny.

50. Deny.

51. Redacted Allegation

52. Redacted Allegation

53. Defendant is without sufficient knowledge or information to admit or deny the allegation.

54. Defendant is without sufficient knowledge or information to admit or deny the allegation.

55. Deny.

56. Denies Defendant is an online infringer. Defendant is without sufficient knowledge or information to admit or deny remainder of the allegation.

57. Deny.

58. Deny.

## Affirmative Defenses

Without undertaking or otherwise shifting any applicable burden of proof, defendant John Doe asserts the following defenses. Defendant reserves the right to supplement or amend this answer, including by asserting additional defenses, as warranted by facts revealed through investigation and discovery.

### First Affirmative Defense

*De Minimis Non Curat Lex*

1. Upon information and belief, the Plaintiff generates millions of dollars in revenue by photographing and video recording sexual acts and selling those recordings via the Internet.

2. Upon information and belief, the Plaintiff regularly provides many of those recordings for free through third-party websites such as www.pornhub.com.

3. Defendant has been accused of downloading multiple films, all of which could have been downloaded through *Blacked.com*, *Tushy.com*, *Vixen.com*, and *BlackedRaw.com* for a mere $0.99.

4. This amount is minimal and Plaintiff should take nothing based upon the doctrine of *de minimis non curat lex*.

### Second Affirmative Defense

Failure to Mitigate Damages

5. Plaintiff has utilized "VXN Scan" to monitor the Internet for activities that allegedly infringe on its copyrights.

6. VXN Scan has managed to monitor the Internet sufficiently enough to provide Plaintiff with information that Plaintiff has used to bring thousands of cases throughout the United States and identified Defendant's IP Address as infringing some time ago.

7. Plaintiff has failed to take any steps to mitigate its damages.

8. In particular, Plaintiff has failed to make use of the relatively cheap takedown processes under the Digital Millennium Copyright Act.

9. Further, unlike other industry participants - the Recording Industry Association of America and Motion Picture Association of America, Plaintiff has failed to engage in the "Six-Strikes Copyright Alert System," or any other similar system.

10. Having failed to mitigate its damages, Plaintiff is entitled to no relief.

### Third Affirmative Defense

Failure to State Cause of Action

11. The facts alleged by Plaintiff are insufficient to state a cause of action against Defendant.

### Fourth Affirmative Defense

Misuse of Copyright

12. Plaintiff's claims are barred by the doctrine of misuse of copyright.

13. Upon information and belief Plaintiff brought these claims as a means of revenue generation, not to protect its rights, and has done so with knowledge it lacks adequate technical evidence to prove its case.

### Fifth Affirmative Defense

Failure to Join Indispensable Parties

14. Plaintiff has failed to join indispensable parties.

### Sixth Affirmative Defense

One Satisfaction Rule/Statutory Relief Not Available

15. The one-satisfaction rule operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury. Plaintiff is barred from seeking statutory damages, costs and/or attorneys' fees under 17 U.S.C. § 504 to the extent that plaintiff has already recovered for alleged infringements in prior actions or settlements.

### Seventh Affirmative Defense

Invalidity or Unenforceability of Copyright

16. Plaintiff's claims are barred to the extent they claim copyright in works that are immoral, illegal or libelous.

### Eighth Affirmative Defense

No Willful Infringement

17. Any infringement by Defendant was innocent and not willful.

18. Defendant was not aware and had no reason to believe that any of his/her/their acts constituted an infringement of copyright.

Nineth Affirmative Defense

Acquiescence

19. Plaintiff's claims are barred by the doctrine of acquiescence.

20. Plaintiff knew of films being downloaded and failed to act.

Tenth Affirmative Defense

Estoppel

21. Plaintiff's claims are barred by the doctrine of estoppel. Without admitting any infringement, Defendant alleges that, though Plaintiff knew the facts of any alleged file-sharing by Defendant and/or others using Defendant's Internet connection, Plaintiff acted in such manner that Defendant and/or third parties were entitled to, and did, believe that the continued availability of the copyrighted work on BitTorrent was intended by Plaintiff, and any actions to download were induced by, and done in reliance on, Plaintiffs conduct. This is compounded by the fact that Plaintiff, upon information and belief, allows for free distribution of its films on so-called "tube sites."

Eleventh Affirmative Defense

Unclean Hands

22. Plaintiff's claims are barred by the doctrine of unclean hands.

23. Upon information and belief, the works complained of may have been created in violation of various ordinances and statutes such as ordinances concerning condom use while filming pornography, permit requirements for filming, and record keeping requirements concerning pornographic actors.

Twelfth Affirmative Defense

Lack of Volitional Act

24. Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendant.

Thirteenth Affirmative Defense

Injunctive Relief not Warranted

25. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### Fourteenth Affirmative Defense

Intervening Causes

26. Without admitting that Plaintiff has sustained any injury or damages and without admitting any liability whatsoever, Defendant alleges that the injuries complained of and the damages sought by Plaintiff in this Complaint and each separate claim for relief asserted therein was the direct and proximate result of certain independent actions of third parties over whom Defendant has no control. Therefore, Defendant is not liable for any of the damage that may have resulted therefrom.

### **Counterclaims Against Strike 3 Holdings, LLC**

By way of counterclaim against Strike 3 Holdings, LLC, defendant and counterclaimant John Doe says that:

### The Parties

27. Defendant is an individual residing in New York, in this judicial district.

28. Plaintiff/Counter-defendant, Strike 3 Holdings, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, having its principle place of business located at 2140 S. Dupont Hwy, Camden, DE.

### Jurisdiction and Venue

29. This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. The counterclaims are so related to the claims asserted by Plaintiff in this action that they form part of the same case or controversy under Article III of the U.S. Constitution, and arise out of common facts, transactions, or occurrences as provided under Rules 13 and 20 of the Federal Rules of Civil Procedure.

30. This Court has personal jurisdiction over Plaintiff. Plaintiff availed itself of this Court's jurisdiction by bringing this action in this District.

31. Venue in this District is proper over the counterclaims pursuant to 28 U.S.C. § 1391.

### General Background for All Counterclaims

32. Plaintiff is one of the most litigious copyright plaintiffs in recent history.

33. Plaintiff creates pornographic works and sells subscriptions to users to view them.

34. Legal scholars have gathered data demonstrating that pornography related Bittorrent litigation constitutes a significant portion of the United States District Courts' copyright caseload. Sag, M., *Copyright Trolling, An Empirical Study,* 100 Iowa L. Rev. 1105 (2015).

35. Plaintiff has filed thousands of lawsuits against purported infringers that used BitTorrent to infringe on its copyrights in its pornographic films.

36. In the past, Plaintiff filed so-called mass-Doe suits, wherein it filed against a wide array of purported infringers in a given district.

37. More recently, Plaintiff has elected to sue smaller amounts of individuals

38. In the past, Plaintiff has acknowledged that an IP address, alone, is insufficient to identify an infringer.

39. Yet, many John Does settle the claims brought against them.

40. Upon information and belief, many John Does may have settled claims based on the very films allegedly infringed complained of here.

41. Thus, it is not unlikely that Plaintiff has reached the statutory maximum for many of the copyrights that Plaintiff claims have been infringed.

42. Defendant has informed Plaintiff that he/she/they did not infringe the works in question.

43. Defendant has informed Plaintiff of possible issues with its investigator's evidence, explaining that Plaintiff has had trouble bringing the purported evidence to bear on proceedings in the past.

44. Defendant has informed Plaintiff that he/she/they did not download the films in question.

45. Plaintiff has not undertaken any efforts to confirm or refute the same.

### Count I - Declaratory Judgment of Non-Infringement

46. Defendant incorporates by reference all foregoing allegations made in his/her/their affirmative defenses and counterclaims as if fully set forth herein.

47. There is an actual and justiciable controversy between the parties regarding Defendant's purported infringement of Plaintiff's pornographic works.

48. Internet service providers assign IP addresses to end user's, e.g. Defendant's home routers that access the internet.

49. IP addresses neither identify the computer connecting the router nor the person using the computer.

50. Indeed, the best correlation that an IP address can provide is the bill-payer for a given internet account.

51. Plaintiff has acknowledged that IP addresses do not identify infringers.

52. Despite being notified that the Defendant did not infringe, of perceived issues with its case and investigations, and inviting a dismissal prior to litigation ramping up, Plaintiff has failed to respond or dismiss this case.

## Count II - Abuse of Process

53. Defendant incorporates by reference all foregoing allegations made in his/her/their affirmative defenses and counterclaims as if fully set forth herein.

54. Plaintiff brought this action despite knowing that an IP address is insufficient to identify an infringer.

55. Plaintiff brought this action despite knowing that its investigator is not a licensed private investigator.

56. Plaintiff brought this action despite knowing that its investigator has had trouble producing evidence of infringement in the past.

57. Plaintiff, upon information and belief, collected a greater amount of money than statutory damages would allow.

58. Plaintiff continues this action despite being notified that Defendant did not infringe.

59. In doing the foregoing, Plaintiff used lawfully issued process for an ulterior or illegitimate purpose as part of an attempt to obtain results not intended by law, namely, to extract money from the Defendant by leveraging the suit as a means of potential humiliation.

60. Plaintiff further failed to inform this Court of weaknesses in its case when obtaining Defendant's personal information.

61. Upon information and belief, Plaintiff knowingly undertook these actions and did so without any regard to the veracity of the claims it has brought. Plaintiff has acted knowingly, intentionally, and maliciously.

WHEREFORE, John Doe respectfully request that this Court enter judgment in his favor and against Strike 3 Holdings, LLC, providing as follows:

A. Plaintiff take nothing from its complaint and its claims be dismissed with prejudice;

B. Declaring that Defendant is not liable for infringing Plaintiffs copyrights;

C. That Plaintiff has misused its copyrights and they should be invalidated;

D. Awarding Defendant his/her/their costs and reasonable attorneys' fees incurred during this action;

E. Awarding Defendant all damages resulting from Plaintiffs actions complained of; and

F. Any other relief this Court deems just.

## Demand for Jury Trial

Under Federal Rule of Civil Procedure 38, and any other applicable Rule or law, John Doe demands a trial by jury as to any issue triable by a jury.


Respectfully submitted,
John Doe, by
/s/ Sal A. Spano, Esq.
7001 Brush Hollow Road
Suite 100
Westbury, NY 11590
Tel: (516) 742-9200
Fax: (516) 742-7622
Email: sspano@ekjlaw.com

## Certificate of Service

Undersigned hereby certifies and states that on March 10, 2021 he filed the foregoing document using the Court's CMECF system, thereby causing all counsel of record to be served by electronic mail.

/s/ Sal A. Spano, Esq.