UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------X
                                                                 :
STRIKE 3 HOLDINGS, LLC,                                          :
                                                                 :      Case No. 2:20-cv-03651-SJF-SIL
                                Plaintiff,                       :
                                                                 :
                    vs.                                          :
                                                                 :
JOHN DOE infringer identified as using IP address                :
108.54.177.186,                                                  :
                                                                 :
                                Defendant.                       :
-----------------------------------------------------------------X
                                                                 :
JOHN DOE infringer identified as using IP address                :
108.54.177.186,                                                  :
                                                                 :
                                Counter-Plaintiff,               :
                                                                 :
                    vs.                                          :
                                                                 :
STRIKE 3 HOLDINGS, LLC,                                          :
                                                                 :
                                Counter-Defendant.               :
-----------------------------------------------------------------X
```

## STRIKE 3 HOLDINGS, LLC'S ANSWER TO DOE'S COUNTERCLAIMS

Plaintiff/Counter-Defendant, STRIKE 3 HOLDINGS, LLC, ("Strike 3" or "Plaintiff") by and through undersigned counsel, The James Law Firm, PLLC, hereby submits its Answer to the Counterclaims by Defendant/Counter-Plaintiff JOHN DOE subscriber assigned IP address 108.54.177.186 ("Doe") and states as follows:

### Counterclaims Against Strike 3 Holdings, LLC

### The Parties

27. Admitted.

28. Admitted.

## The Venue

29. The allegations of this paragraph contain legal argument or other conclusions as to which no response is required.

30. The allegations of this paragraph contain legal argument or other conclusions as to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Strike 3 admits only that it has filed this action in this District.

31. The allegations of this paragraph contain legal argument or other conclusions as to which no response is required.

## General Background for All Counterclaims

32. This paragraph contains legal argument or other conclusions as to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Strike 3 is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Strike 3 admits only that it is the copyright owner of certain motion pictures that are distributed through the *Blacked*, *Tushy*, *Vixen*, and *Blacked Raw* subscription-based websites and DVDs.

34. This paragraph contains legal argument or other conclusions as to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Strike 3 responds that the terms of the article cited speak for themselves.

35. Admitted.

36. Except to admit that Plaintiff has filed suits seeking a Pure Bill of Discovery in Florida state court to identify multiple infringers of its copyrighted works, Strike 3 denies the allegations contained in paragraph 36.

37. Denied.

38. This paragraph contains legal argument or other conclusions as to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Strike 3 admits only that it is necessary to obtain the identity of an IP address subscriber to identify the infringer using that IP address.

39. To the extent this paragraph refers to the allegations in paragraph 38, Strike 3 hereby restates and reincorporates its answer to paragraph 38. To the extent this paragraph contains factual allegations requiring a response, Strike 3 admits only that it has entered into settlements with a number of defendants in its infringement actions.

40. Strike 3 admits only that it has filed suit against other defendants for their infringement of the copyrighted works, separate and apart from Doe's infringement of these works, and in a number of matters has resolved those claims with those other defendants.

41. This paragraph contains legal argument or other conclusions as to which no response is required. To the extent this paragraph contains factual allegations requiring a response, the are denied.

42. Strike 3 admits only that Doe's counsel has sent communications to Strike 3's counsel regarding this matter, the terms of which speak for themselves. To the extent the allegations of this paragraph vary from those communications, they are denied.

43. Strike 3 admits only that Doe's counsel has sent communications to Strike 3's counsel regarding this matter, the terms of which speak for themselves. To the extent the allegations of this paragraph vary from those communications, they are denied.

44. Strike 3 admits only that Doe's counsel has sent communications to Strike 3's counsel regarding this matter, the terms of which speak for themselves. To the extent the allegations of this paragraph vary from those communications, they are denied.

45. Strike 3 admits only that Strike 3's counsel has responded to communications sent by Doe's counsel regarding this matter, the terms of which speak for themselves. To the extent the allegations of this paragraph vary from those communications, they are denied.

## **Count I – Declaratory Judgment for Non-Infringement**

46. Strike 3 refers to and incorporates by reference its responses to the foregoing allegations as if set forth fully herein.

47. This paragraph contains legal argument or other conclusions as to which no response is required.

48. Admitted.

49. Admitted.

50. This paragraph contains legal argument or other conclusions as to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Strike 3 admits only that an ISP can identify the subscriber assigned an IP address.

51. This paragraph contains legal argument or other conclusions as to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Strike 3 admits only that it is necessary to obtain the identity of an IP address subscriber to identify the infringer using that IP address.

52. Strike 3 admits only that Doe's counsel and Plaintiff's counsel have exchanged communications regarding this matter, the terms of which speak for themselves. To the extent the allegations of this paragraph vary from those communications, they are denied.

To the extent this paragraph merely characterizes the current active status of this litigation, no response is required.

### Count II – Abuse of Process

53. Strike 3 refers to and incorporates by reference its responses to the foregoing allegations as if set forth fully herein.

54. This paragraph contains legal argument or other conclusions as to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Strike 3 admits only that it is necessary to obtain the identity of an IP address subscriber to identify the infringer using that IP address.

55. This paragraph contains legal argument or other conclusions as to which no response is required. To the extent this paragraph contains factual allegations requiring a response, they are denied.

56. Denied.

57. Denied.

58. Strike 3 admits only that Doe's counsel and Plaintiff's counsel have exchanged communications regarding this matter, the terms of which speak for themselves. To the extent the allegations of this paragraph vary from those communications, they are denied. To the extent this paragraph merely characterizes the current active status of this litigation, no response is required.

59. This paragraph contains legal argument or other conclusions as to which no response is required. To the extent this paragraph contains factual allegations requiring a response, they are denied.

60. This paragraph contains legal argument or other conclusions as to which no response is required. To the extent this paragraph contains factual allegations requiring a response, they are denied.

61. This paragraph contains legal argument or other conclusions as to which no response is required. To the extent this paragraph contains factual allegations requiring a response, they are denied.

## AFFIRMATIVE DEFENSES

Strike 3 hereby pleads the following affirmative defenses and states as follows:

1. Doe lacks standing and hence the Court lacks subject matter jurisdiction over Doe's counterclaim for declaratory relief. There is no independent case or controversy supporting Doe's counterclaim, and, in any event, Doe has not sustained an injury-in-fact capable of supporting standing.

2. Doe has not plead a plausible claim for a declaratory judgment of non-infringement.

3. Doe has not plead a plausible claim for abuse of process.

4. Doe has not plead a plausible claim to invalidate Strike 3's copyrights based on copyright misuse.

5. Strike 3's litigation is privileged and protected by the First Amendment's right to petition, the *Noerr-Pennington* doctrine, and the litigation privilege. As such, Doe may not recover in tort from any claim arising from Strike 3's protected conduct.

6. To the extent Doe seeks to use the Declaratory Judgment Act to preserve Doe's ability to seek attorney's fees, that right is already available to Doe, notwithstanding the counterclaim, through 17 U.S.C. § 505.

7. Doe did infringe Strike 3's copyrights, or, alternatively, is involved in the infringement of Strike 3's copyrights taking place over IP address 108.54.177.186 and is barred in equity from recovery through to doctrine of unclean hands.

8. Doe has failed to mitigate damages by causing, contributing to, and protracting his own attorneys' costs and fees by and through his counterclaims.

Dated: April 19, 2021                Respectfully submitted,

                              By:    /s/ *Jacqueline M. James*
                                      Jacqueline M. James, Esq. (1845)
                                      The James Law Firm, PLLC
                                      445 Hamilton Avenue
                                      Suite 1102
                                      White Plains, New York 10601
                                      T: 914-358-6423
                                      F: 914-358-6424
                                      E-mail: jjames@jacquelinejameslaw.com
                                      *Attorneys for Plaintiff*